1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                      AT TACOMA

10   UNITED STATES OF AMERICA,

11                  Plaintiff,              CASE NO. CR08-5125BHS

12        v.                                ORDER DENYING MOTION
                                            TO DISMISS COUNT 13
13   AMADOR HEREDIA-MENDOZA,
     EPIFANIO BARRAGAN ESTRADA,
14   ROBERT BLANCHARD, and
     HERMINIO BARRAGAN MENDOZA
15
                    Defendants.
16

17          This matter comes before the Court on Defendant Amador Heredia-Mendoza's

18   Motion to Dismiss Count 13 Under *District of Columiba v. Heller*. Dkt. 459. Defendants

19   Epifanio Barragan Estrada, Robert Blanchard, and Herminio Barragan Mendoza joined

20   this motion. Dkts. 336, 493, and 498.

21                               **I. BACKGROUND**

22          The Government alleges that Defendant Amador Heredia-Mendoza ("Heredia") is

23   the leader of a drug trafficking cell operating in Thurston County, Washington.

24   Government agents conducted a wiretap investigation during 2008 and intercepted phone

25   calls on Mr. Heredia's cell phone ("target phone 9"), and learned that Mr. Heredia was

26   allegedly storing methamphetamine at his apartment in Lacey. Agents conducted a search

27   of Mr. Heredia's apartment on April 2, 2008, and seized a handgun with a loaded

28

magazine and one round in the chamber. The agents also found a marijuana smoking device, as well as target phone 9 at the apartment.

Defendants Epifanio Barragan Estrada, Robert Blanchard, and Herminio Barragan Mendoza did not provide any factual background that relate to their joinders to Mr. Heredia's motion.

Count 13 of the Government's third superceding indictment charges Defendant Amador Heredia-Mendoza with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. 408. The other defendants who joined this motion have been charged with the same crime. *See* Dkt. 408 (count 7 charging Herminio Barragan Mendoza, count 12 charging Epifanio Barragan Estrada, and count 16 charging Robert Blanchard).

## II. DEFENDANTS' MOTION TO DISMISS

Defendants move the Court to dismiss these counts on grounds that the applicable statute, 18 U.S.C. § 924(c)(1)(A), is unconstitutional on its face or as applied based on the Supreme Court's recent ruling in *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008). Defendants contend that the statute is unconstitutional because it purports to criminalize possession of a gun in the home on the basis of "mere thought – intent to use the gun to 'facilitate' a drug crime." Dkt. 459-2 at 4. Mr. Heredia also challenges the constitutionality of the statute on the basis that Government agents seized the weapon at his residence, and maintains that "the firearm could have been in the residence prior to the alleged participation in the conspiracy [relating to drug trafficking] for the purpose of defending the resident of the apartment [or] the firearm may have been present for the dual purposes of both defending the resident of the apartment as well as facilitating a drug trafficking crime." Dkt. 479 at 2.

Title 18, U.S.C. § 624(c)(1)(A), mandates certain sentences for "any person who, during and in relation to any crime of violence or drug trafficking . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses such firearm."

In *Heller*, the Supreme Court held that the District of Columbia's ban on handgun possession in the home violated the Second Amendment. *Heller*, 128 S. Ct. at 2821-22. The Court recognized that the right secured by the Second Amendment is "not unlimited." *Id.* at 2816.

The Court denies Defendants' motion and concludes that Title 18, U.S.C. § 624(c)(1)(A), is not unconstitutional based on the holding in *Heller*. Pursuant to this statute, the Government must prove at trial that the firearm was possessed in *furtherance* of a drug trafficking crime, not merely that the defendants possessed a firearm. *Heller* did not hold that individuals have a constitutional right to possess a firearm under any and all circumstances, including those that are unlawful. *See, e.g., Heller,* 128 S. Ct. at 2799 (the Second Amendment does not "protect the rights of citizens to carry arms for any sort of confrontation").

Defendants' argument that a statute may not prohibit possession of a firearm used in furtherance of a crime when a defendant also has a "dual purpose" of self-protection is unsupported by legal precedent and is unavailing.

### III. ORDER

Therefore, it is hereby **ORDERED** that

Defendants' motion to dismiss (Dkt. 459) is **DENIED**.

DATED this 18th day of November, 2008.



_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3