UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMADOR HEREDIA-MENDOZA, ,
ROBERT BLANCHARD, and
HERMINIO BARRAGAN MENDOZA

    Defendants.

CASE NO. CR08-5125BHS

ORDER DENYING DEFENDANTS' MOTION TO COMPEL

This matter comes before the Court on Defendant Amador Heredia-Mendoza's Motion to Compel Review and Production of Law Enforcement Officers' Files and Records. Dkt. 275. Defendants Herminio Barragan Mendoza and Robert Blanchard have joined this motion. Dkts. 283 (Herminio Barragan Mendoza's joinder), 498 (reinstating Dkt. 283), and 492 (Robert Blanchard's joinder).

## I. BACKGROUND

Defendants move the Court to issue an order compelling the Government to (1) inspect the personnel files and records of any law enforcement officer or government agent or employees involved in the investigation of this case or who will testify at trial, and (2) disclose to the defense no later than two weeks before trial all exculpatory

documents and information contained in the files and records, as well as any documents or information containing material relevant for impeachment purposes. Dkt. 275 at 1.

The Government contends that Defendants' motion is too broad because it implies that the Government has an obligation to review personnel files of *any* law enforcement agent, including those working for local or state government, and because Defendants request review of files of *any* employee who worked on this case. Dkt. 296 at 1. The Government maintains that a court order is not necessary because the Government will comply with the requirements of *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), by turning over any exculpatory evidence of which it learns. *Id.* 1, 4. The Government also sets out its practice for contacting federal agencies and gathering personnel records to comply with *Henthorn*. *Id.* at 2.

## II. DISCUSSION

Under *Henthorn*, the United States has a "duty to examine the personnel files of law enforcement officers it intends to call as witnesses if a defendant requests production of the files." *United States v. Jennings*, 960 F.2d 1488, 1489 (9th Cir. 1992) (*citing Henthorn, supra*). The Government must turn over to the defendant any information about its witnesses that "could cast doubt upon their credibility." *Id*. at 1490 (*citing United States v. Bagley*, 434 U.S. 667, 676-677 (1985)).

*Henthorn* does not require the Government to examine personnel files of law enforcement officers it does not intend to call a witness. *See United States v. Booth*, 309 F.3d 566, 574 (9th Cir. 2002) (*citing Jennings, supra*). Nor does *Henthorn* require the Government to examine personnel records of law enforcement agents or employees not under its control, including state officials. *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992).

The Court denies Defendants' request for *Henthorn* materials of federal officials as moot. The Government has represented to the Court that it will comply with *Henthorn* and Defendants have not made any showing that the Government has failed to do so. The

Government has turned over some personnel files to the Court for an *in camera* review, and the Court will issue an order concerning this review.

The Court also denies Defendants' request that the Court order the Government to inspect personnel records of persons not under control of the Government, as well as Defendants' request to inspect records of personnel who will not testify at trial. As Ninth Circuit case law reflects, the Government is not required to conduct such an examination.

### III. ORDER

Therefore, it is hereby **ORDERED** that

Defendants' motion to dismiss (Dkt. 275) is **DENIED** as stated herein.

DATED this 9th day of January, 2009.

BENJAMIN H. SETTLE

United States District Judge